## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF WISCONSIN

---

**DAVID C. JUAREZ,**

**Petitioner,**

**v.**                                                        **Case No. 23-CV-334**

**RACINE COUNTY CIRCUIT COURT,**

**Respondent.**

---

## RECOMMENDATION AND ORDER

---

David C. Juarez is incarcerated at the Racine County Jail pending trial in Racine County Circuit Court case number 22CF1000. On March 13, 2023, he filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2241 in this court.

Accompanying his petition is a motion to proceed without prepayment of the filing fee. (ECF No. 3.) He failed to comply with the court's instruction to provide an institutional trust account statement for the preceding six months. (*See* ECF No. 3 at 1.) However, Juarez stated under penalty of perjury that he does not have "any cash or checking, savings, or other similar accounts," which would seem to include an institutional trust account. (ECF No. 3 at 2.) Based on his declaration that he lacks any

assets the court finds that he lacks the resources to pay the $5.00 filing fee. Therefore, his motion to proceed without prepayment of the filing fee will be granted.

In accordance with Rule 1(b) of the Rules Governing Section 2254 Cases and Civil L.R. 9(a)(2), the court applies the Rules Governing Section 2254 cases to petitions for a writ of habeas corpus under 28 U.S.C. § 2241. The court must now screen the petition in accordance with Rule 4 of the Rules Governing Section 2254 Cases, which states,

> If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion, or other response within a fixed time, or to take other action the judge may order.

Although exhaustion of state court remedies is not explicitly required by § 2241(c)(3) like it is for a petition under § 2254, "the interests of comity have caused courts to apply the doctrine of exhaustion of state remedies to [such petitions]." *Blanck v. Waukesha County*, 48 F. Supp. 2d 859, 860 (E.D. Wis. 1999) (citing *Neville v. Cavanagh*, 611 F.2d 673, 675 (7th Cir. 1979) (in turn citing *Braden v. 30th Judicial Circuit Court of Kentucky*, 410 U.S. 484, 489-92 (1973))); *see also United States v. Castor*, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing *Baldwin v. Lewis*, 442 F.2d 29, 31-33 (7th Cir. 1971) (internal citations omitted)) ("While these applicants are not subject to the statutory requirement of exhaustion of remedies, federal courts nevertheless may require, as a matter of comity, that such detainees exhaust all avenues of state relief before seeking the writ."); *Farrior v. Clark*, 2006 U.S. Dist. LEXIS 48420 (E.D. Wis. 2006).

> The exhaustion doctrine requires a petitioner to use all available state procedures to pursue his claim before seeking federal habeas corpus relief. In most cases courts will not consider claims that can be raised at trial and in subsequent state proceedings. A petitioner will be held to have exhausted his remedies before trial only in "special circumstances."

*Blanck*, 48 F. Supp. 2d at 860 (citing *United States v. Elrod*, 589 F.2d 327, 329 (7th Cir. 1979) (in turn quoting *Braden*, 410 U.S. at 489).

Exhaustion generally means that every level of state court must first be given a "full and fair opportunity" to adjudicate each of the prisoner's constitutional claims. *Moore v. Parke*, 148 F.3d 705, 708 (7th Cir. 1998) (citing *Picard*, 404 U.S. at 276). A full opportunity means the prisoner's claims were presented through "one complete round of the State's established appellate review process." *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). To fairly present claims, "both the operative facts and controlling law must be put before the state courts." *Anderson v. Benik*, 471 F.3d 811, 814 (7th Cir. 2006) (citing *Ellsworth v. Levenhagen*, 248 F.3d 634, 639 (7th Cir. 2001)).

Juarez acknowledges that he had not filed any appeal with respect to the claims he attempts to present in his petition. (ECF No. 1 at 2.) Therefore, he has failed to exhaust his state court remedies.

Because it plainly appears from the petition that Juarez is not entitled to habeas relief, the court must recommend that his petition be dismissed.

**IT IS THEREFORE ORDERED** that Juarez's motion to proceed without prepayment of the filing fee (ECF No. 3) is **granted**.

**IT IS FURTHER RECOMMENDED** that Juarez's petition and this action be **dismissed without prejudice**.

**IT IS FURTHER ORDERED** that, in accordance with 28 U.S.C. § 636(b)(1)(B) and (C) and Fed. R. Civ. P. 72(b)(2), any written objections to any recommendation herein or part thereof shall be filed within fourteen days of service of this recommendation. Failure to timely object waives a party's right to review.

Dated at Milwaukee, Wisconsin this 13th day of April, 2023.

_William E. Duffin_
WILLIAM E. DUFFIN
U.S. Magistrate Judge